SAMUEL P. PARMLY

*v.*

LUCY M. BUCKLEY *et al.*

*Filed at Ottawa May 12, 1882.*

1. RESCISSION OF CONTRACT—*rights of parties—and what amounts to a rescission.* The parties to a contract for the sale of real estate have the right, if they see proper, to cancel and set aside the same; and when the purchaser notifies the vendor, in writing, that he considers himself released from all obligation under the contract, and the vendor immediately gives the vendee notice that he accepts the surrender of the contract, and declares the contract at an end, this will be a valid rescission of the contract of sale, after which no specific performance can be had.

2. AGENCY—*corporation bound by acts of its attorney.* Where notice of the revocation of a contract with a corporation is prepared and served upon the other party by an attorney of the company, with the knowledge and con-

sent of its manager, the company and its manager will be bound by the act of the attorney, and not be allowed to dispute the attorney's authority.

3. SERVICE OF NOTICE—*on corporation.* Notice of the acceptance of a cancellation of a contract served upon a private corporation by leaving the same at the company's business office with a person acting as its agent, and at the time in charge of its business, is a good service as to the company.

4. ASSIGNMENT—*assignee of contract of purchase takes subject to its infirmities.* The assignee of a contract for the purchase of land takes it subject to its infirmities, and acquires no greater rights than the assignor had, and if the assignor has rescinded the contract so as to prevent him from demanding a specific performance, the assignee will also be precluded from enforcing its performance.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. WALLACE HECKMAN, for the appellant:

There is no power to forfeit unless complainant has been ready and willing at all times to convey according to the terms of the contract. *Peck* v. *Brighton Company,* 69 Ill. 200; *Bishop* v. *Newton,* 20 id. 178; *Brown* v. *Cannon,* 5 Gilm. 174; *Baker* v. *Bishop,* 45 Ill. 270; *Brown* v. *Beech,* 46 id. 311.

A vendor can not rescind without tendering deed according to the contract, and returning or tendering back payments. *Murphy* v. *Lockwood,* 21 Ill. 611.

An agreement subsequent to the execution of a contract founded on no consideration, is not binding, and will not avail to prevent a specific performance of the original contract. *Merkle* v. *Wehrheim,* 32 Ill. 534.

The contract of purchase being of record July 30, 1880, any such correspondence between the vendors and vendee will not avail against Parmly, an innocent purchaser for full value, without notice thereof. *Cowan* v. *Loomis,* 91 Ill. 132.

The doctrine is now well settled that courts will recognize and protect the rights of an assignee of a chose in action, whether the assignment be good at law or in equity only. *Chapman* v. *Shattuck,* 3 Gilm. 52; *Stewart* v. *Metcalf,* 68 id.

110; *Daggett* v. *Norton*, 20 id. 333; *Walker* v. *Mulvean*, 76 id. 18; *Jennison* v. *Jennison*, 66 id. 259.

Mr. JAMES GOGGIN, for the appellees:

Decreeing the specific performance of a contract rests in the sound discretion of the court. Story's Equity Jur. secs. 742, 769; *Alexander* v. *Hoffman*, 70 Ill. 114; *Hoyt* v. *Tuxbury*, 70 id. 331.

The contract was rescinded by the mutual act of the parties. The acceptance of the notice of rescission by the Buckleys, and notice of their assent thereto, terminated the sale.

The assignee of an equity takes subject to all its infirmities, and can have no greater rights than his assignor, and can not, therefore, be protected as an innocent purchaser. Fry on Specific Performance, 114.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by appellees, against the Rubber Paint Company, of Cleveland, and Samuel P. Parmly, to cancel and remove from the record a certain memorandum of an agreement made by appellees with the Rubber Paint Company, under which certain land was to be conveyed, and which had been transferred by the Rubber Paint Company to Parmly. Answers were put in to the bill, and the defendant Parmly filed a cross-bill, in which he prayed for a specific performance of the contract, and for general relief. On the hearing the court entered a decree dismissing the cross-bill, and granted the relief prayed for in the original bill.

The contract which complainants sought to cancel was in the following words:

"$100.        Received of the Cleveland Rubber Paint Co. $100, deposit of purchase of south forty feet of lot 6, in block 83, school section addition to Chicago. Price to be $11,000, purchaser to assume paying assessment, also taxes of 1880,

and to pay E. A. Cummings & Co. 2½ per cent commission, $10,900, in addition to above $100; to be paid as soon as abstract is furnished showing title.

Chicago, July 9, 1880.

W. T. BUCKLEY,

L. M. BUCKLEY.

"If title can not be made clear, the $100 will be returned on return of this receipt.

W. T. BUCKLEY,

L. M. BUCKLEY."

It appears, from the evidence, that about one month before this agreement was made, the Buckleys had mortgaged the property for $4000, which was not due, and when the parties met, a few days after the making of the agreement, to close the trade, it was ascertained that the mortgagee would not accept the mortgage money unless paid a bonus of $500. The Buckleys refused to pay this bonus, and the Rubber Paint Company refused to take a deed of the property and assume the payment of the mortgage, as it desired the property clear of all liens, hence the deed was not delivered, and the purchase money was not paid.

In the month of August the Buckleys received the following notice from the Rubber Paint Company:

"CHICAGO, ILL., *August 25, 1880.*

"*To W. T. Buckley and L. M. Buckley:*

"You, and each of you, are hereby notified, that having neglected and refused to carry out the contract made by you on the 29th of July, for the sale to the Rubber Paint Company, of Cleveland, Ohio, of the south forty (40) feet of lot six (6), block eighty-three (83), school section addition to Chicago, and you having refused to deliver to said company a deed of said premises in accordance with said contract, and having in all respects refused to comply with and carry out your agreement, the said company therefore considers itself released from all obligations to you by reason of said con-

tract, and will look to you for payment of all costs, expenses and damages incurred by said Rubber Paint Company on account of said contract.

RUBBER PAINT COMPANY,

Of Cleveland, Ohio,

By N. C. BREWER, Man'gr."

Upon receiving the above notice, the Buckleys made out and delivered to the Rubber Paint Company, at its office, the following notice:

"*To the Rubber Paint Company, of Cleveland, Ohio:*

The undersigned having received your letter of August 25, 1880, stating that said company considered itself released from all obligations to us by reason of a contract for the purchase of the south forty (40) feet of lot six (6), in block eighty-three (83), school section addition to Chicago, made on the 29th day of July last, we hereby accept the surrender of said contract by you, and we hereby declare said contract terminated and at an end.

Chicago, August 30, 1880.

L. M. BUCKLEY,

W. T. BUCKLEY."

The parties to the contract of July 9, 1880, had the right, if they saw proper, to cancel and set aside that contract, and the first question to be determined is, whether the two contracting parties have exercised that right.

The notice, bearing date August 25, 1880, signed by the Rubber Paint Company, and served upon the Buckleys, shows a clear intent on the part of the company not to be longer bound by the contract, and a desire that it should be cancelled. Indeed, the company, so far as it was within its power, cancelled the contract. When this notice was received the Buckleys at once notify the company that they accept the surrender of the contract, and declare it terminated and at an end. We are aware of nothing which could have been

done by these contracting parties which would have more effectually put an end to the contract than what they did. The purchaser, in effect, said it did not desire to be bound longer by the contract, and declared it at an end. The vendors at once accepted the proposition of the purchaser, and declared the contract cancelled.

It is, however, said that the notice of August 25 was not in fact signed by Brewer, who was the manager of the company, and hence it is not binding on the company. The notice was, however, prepared and served by an attorney of the company, with the knowledge and consent of Brewer, the manager of the company, and hence he is as much bound by what was done as if he had prepared and served the notice himself. It is also said that the notice given by the Buckleys, that they accepted the surrender of the contract, was not served on the company. The notice was left at the office of the company with a person who was acting as an agent of the company, and was at the time in charge of the company's business. This we regard as sufficient.

It is, however, urged that Parmly, who took an assignment of the contract, as he had no actual notice that the contract had been cancelled, is to be regarded as an innocent purchaser, and as such is entitled to be protected. When Parmly took an assignment of the contract he merely stepped into the shoes of the Rubber Paint Company, clothed with such rights and powers as the company had, and no more. The assignee of a contract of this character takes it subject to its infirmities, and has no greater rights than the assignor had. (Fry on Specific Performance, 2d Am. ed. page 114, note 5, and cases there cited.) It follows, as the Rubber Paint Company had no standing in a court of equity to enforce the specific performance of the contract, the assignee, Parmly, had none.

The decree of the circuit court will be affirmed.

*Decree affirmed.*